BENJAMIN B. WAGNER
United States Attorney
DAWRENCE W. RICE, JR.
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:15-CR-00067-AWI |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: TBD<br>TIME: TBD.<br>COURT: TBD |
| JUDY GUTIERREZ, | |
| Defendant. | |

## I.   **INTRODUCTION**

### A.   **Scope of Agreement**

The information in this case charges the defendant with a violation of 18 U.S.C. § 1038(a)(1) – False Information and Hoax.  This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case.  This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.   **Court Not a Party**

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in

1  the information.  The Court is under no obligation to accept any recommendations made by the

2  government, and the Court may in its discretion impose any sentence it deems appropriate up to and

3  including the statutory maximum stated in this plea agreement.

4    If the Court should impose any sentence up to the maximum established by the statute, the

5  defendant cannot, for that reason alone, withdraw her guilty plea, and [he or she] will remain bound to

6  fulfill all of the obligations under this plea agreement.  The defendant understands that neither the

7  prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the

8  sentence [he or she] will receive.

9                    **II.    DEFENDANT'S OBLIGATIONS**

10   **A.    Guilty Plea**

11   The defendant agrees to waive indictment and plead guilty to the information which charges a

12  violation of 18 U.S.C. § 1038(a)(1) – False Information and Hoax.  The defendant agrees that she [he or

13  she] is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached

14  hereto as Exhibit A are accurate.

15   The defendant understands that she may be sentenced by the Court to imprisonment for a term of

16  up to five years.

17   The defendant agrees that this plea agreement will be filed with the Court and become a part of

18  the record of the case.  The defendant understands and agrees that she will not be allowed to withdraw

19  her plea should the Court not follow the government's sentencing recommendations.

20   The defendant agrees that the statements made by her in signing this Agreement, including the

21  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by

22  the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a

23  guilty plea pursuant to this Agreement.  The defendant waives any rights under Rule 11(f) of the Federal

24  Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these

25  rules are inconsistent with this paragraph or with this Agreement generally.

26   **B.    Fine**

27   The defendant understands that she may be sentenced by the Court to pay a fine of up to

28  $250,000.

PLEA AGREEMENT                        2

**C.     Special Assessment**

The defendant understands and agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office prior to the sentencing hearing.   If the defendant is unable to pay the special assessment at the time of sentencing, [he or she] agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**D.     Restitution**

The defendant agrees that the Court may order the payment of restitution for the full loss caused by the defendant's wrongful conduct.  The defendant further agrees that [he or she] will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**E.     Defendant's Violation of Plea Agreement or Withdrawal of Plea**

If the defendant, violates this plea agreement in any way, withdraws her plea, or tries to withdraw her plea, this plea agreement is voidable at the option of the government.  The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete.  Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement.  The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws her plea, or tries to withdraw her plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which [he or she] pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the

previous paragraph.  Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions.  The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### III.       THE GOVERNMENT'S OBLIGATIONS

**A.       Recommendations**

1.       Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for the offense, as determined by the Court. The government will not object to imposition of a split sentence under U.S.S.G. § 5C1.1 if the applicable guideline range, as determined by the Court, is in Zone A, B, or C.

2.       Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if [he or she] clearly demonstrates acceptance of responsibility for her conduct as defined in U.S.S.G. § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging

1  in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the

2  preparation of the pre-sentence report or during the sentencing proceeding.

3       **B.    Use of Information for Sentencing**

4       The government is free to provide full and accurate information to the Court and the United

5  States Probation Office ("Probation"), including answering any inquiries made by the Court and/or

6  Probation, and rebutting any inaccurate statements or arguments by the defendant, her attorney,

7  Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement

8  bars the government from defending on appeal or collateral review any sentence that the Court may

9  impose.

10              **IV.    ELEMENTS OF THE OFFENSE**

11      At a trial, the government would have to prove beyond a reasonable doubt the following

12  elements of the offense of False Information and Hoax, in violation of 18 U.S.C. § 1038(a)(1), to which

13  the defendant is pleading guilty:

14      First, the defendant intentionally conveyed false or misleading information about a threat to

15  bomb an academic building at Fresno City College, under circumstances where such information may

16  reasonably have been believed; and,

17      Second, such information indicated that an activity was taking or would take place, to wit: the

18  bombing of an academic building at Fresno City College, that would constitute violations of 18 U.S.C.

19  chapters 40 (concerning explosives) and 113B (concerning terrorism).

20      The defendant fully understands the nature and elements of the crime charged in the information

21  to which [he or she] is pleading guilty, together with the possible defenses thereto, and has discussed

22  them with her attorney.

23              **V.    MAXIMUM SENTENCE**

24      **A.    Maximum Penalty**

25      The maximum sentence that the Court can impose is five years of incarceration, a fine of

26  $250,000, a three year period of supervised release, and a special assessment of $100.  The Court can

27  also order the payment of restitution for the full loss caused by the defendant's wrongful conduct.  In

28  addition, the defendant may become ineligible for certain federal and/or state assistance and/or benefits.

PLEA AGREEMENT                                      5

**B.**   **Violations of Supervised Release**

The defendant understands that if [he or she] violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two years of additional imprisonment.

## VI.   SENTENCING DETERMINATION

**A.**   **Statutory Authority**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.**   **Guideline Calculations**

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables.  These estimates shall not be binding on the Court, the Probation Office, or the parties:

| | | |
|---|---|---|
| Base Offense Level: | +12 | (§2A6.1(a)(1)) |
| Specific Offense Characteristics: | | |
| Substantial Disruption of Public Service: | + 4 | (§2A6.1(b)(4)(A)) |
| | | |
| Adjusted Offense Level: | 16 | |
| Acceptance of Responsibility: | -3 | |
| Total Offense Level: | 13 | |

If the defendant is in Criminal History Category I, the advisory sentencing guideline range is 12 to18 months.

The defendant is free to recommend to the Court whatever sentence [he or she] believes is appropriate under 18 U.S.C. § 3553(a).

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for her offense, as determined by the Court, but is not obligated to recommend any specific sentence. The government will not object to imposition of a split sentence under U.S.S.G. § 5C1.1 if the applicable guideline range, as determined by the Court, is in Zone A, B, or C.

## VII.    WAIVERS

### A.    Waiver of Constitutional Rights

The defendant understands that by pleading guilty [he or she] is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on her behalf; (e) to confront and cross-examine witnesses against her; and (f) not to be compelled to incriminate herself.

### B.    Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal her guilty plea, conviction, and sentence. The defendant agrees as part of her plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any

right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

If the defendant ever attempts to vacate her plea, dismiss the underlying charges, or modify or set aside her sentence on any of the counts to which [he or she] is pleading guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein.

**C.      Waiver of Attorneys' Fees and Costs**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

**D.      Impact of Plea on Defendant's Immigration Status**

Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because defendant is pleading guilty to a national security related offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of separate proceedings, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

**VIII.      ENTIRE PLEA AGREEMENT**

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

1    IX.    **APPROVALS AND SIGNATURES**

2    **A.    Defense Counsel**

3    I have read this plea agreement and have discussed it fully with my client.  The plea agreement

4    accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to

5    plead guilty as set forth in this plea agreement.

6
     Dated: ___3/6/15___                    _____
7
                                            Counsel for Defendant
8

9    **B.    Defendant**

10   I have read this plea agreement and carefully reviewed every part of it with my attorney.  I

11   understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully

12   understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

13   case.  No other promises or inducements have been made to me, other than those contained in this plea

14   agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.

15   Finally, I am satisfied with the representation of my attorney in this case.

16
     Dated: _February 6, 2015_              _____
17
                                            JUDY GUTIERREZ, Defendant
18

19
20   **C.    Attorney for the United States**

21   I accept and agree to this plea agreement on behalf of the government.
     Dated: ~~February~~ March 9 , 2015        BENJAMIN B. WAGNER
22                                            United States Attorney

23
24   By: _____
                                            Dawrence W. Rice, Jr.
25                                          Assistant United States Attorney

26

27

28

PLEA AGREEMENT                          9

**EXHIBIT "A"**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On January 22, 2014 at 7:17:19 a.m., Fresno City College Biology Professor Shirley McManus and her Instructional Aid Jason Thomas received an email from lord_god1@aol.com entitled **THANKS FOR FAILING ME**.  The body of the email said:

you will get a tremendous surprise

Your students as we'll this morning at 8am maybe 10am maybe 1pm or tomorrow at 9am while everyone sits in that rotten building !

Things will go boom just like your car!

At 7:17:54 a.m., Professor McManus received a second email from lord_god1@aol.com entitled **BOOM!**  The body of the email said:

BOOM YOUR CLASS! Will GOOO

Whole building for that matter

Sent from AOL Mobile Mail

At 7:18:56 a.m., Instructional Aid Thomas also received a second email from lord_god1@aol.com  entitled **DON'T GO IF I WERE YOU**. The body of the email said:

Biology building will go

BOOM!

Professor McManus and Thomas promptly reported the bomb threat to the campus administration and police department.   The science building was ordered evacuated and classes in the building were cancelled for the day.  The science building was searched by the campus police department and no bombs or suspicious items were found.

A-1

AOL Legal Compliance and Investigations was asked for subscriber information for email address lord_god1@aol.com.   AOL provided an IP address of 98.192.163.52 that was utilized three times in close proximity to each other by lord_god1@aol.com on January 22, 2014. The lord_god1@aol..com account had been opened earlier that same day.

The IP address 98.192.163.52 belonged to Comcast, and Comcast advised that the subscriber of that IP address was Michael Lauanglath, 3617 East Hammond Ave., Fresno, CA 9370.

Based on probable cause that the bomb threat emails were sent from a digital device using IP address 98.192.163.52 located at 3617 East Hammond Ave., Fresno, CA 93703, a federal search warrant was obtained on January 23, 2014.   The search warrant was executed on January 24, 2014 at 7:00 a.m., and the digital devices located in the residence were seized.

Six adults and a 5 year old child were present in the residence when the search took place.  All of the adults were interviewed by the FBI, and they each denied emailing the bomb threat.  John and Michael Luanaglath, Anna McCombs, and defendant Judy Gutierrez each provided the passwords to their digital devices, i.e. cell phones and computers to the FBI.  They also told the FBI that the wireless network for the home was password protected.

Judy Gutierrez told the FBI that she got up at 7:05 a.m. on January 22, 2014, woke her boyfriend John Luanaglath up at 7:30a.m., and he drove her to Fresno City College at 7:40 a.m. to attend biology class.  She said when she got to school she found out her class was cancelled and a police officer told her to leave the building. She said she caught up to John before he left campus and he gave her a ride back home.   Judy Gutierrez said that she gets along with everyone in the house, except John's sister Anna McCombs.  McCombs told the FBI that she attends veterinary technician classes at night at San Joaquin College and did not get up until 11:00 a.m. on January 22, 2014.  Anna said that she had

previously attended Fresno City College for one semester and received good grades, before dropping out because she did not like her classes.

Judy Gutierrez was the only one in the residence enrolled in Professor McManus' Spring semester2014Human Biology class. She had previously failed the same Human Biology class, and had reenrolled in it. A syllabus for the class was found in Gutierrez' car and on her lap top that contained the email addresses for Professor McManus and Instructional Aid Thomas.

Gutierrez' iPhone was seized during the search. A computer forensic examiner found a screenshot on her iPhone of the lord_god1@aol.com email address that was accidentally taken by her when she attempted to turn her phone off after sending the bomb threat emails. This can happen when the person is pressing the back button on the front of the iPhone and presses the power button on top of the iPhone. The emails had been sent utilizing AOL Webmail on Safari, and the coloration of the screen shot image is consistent with AOL Webmail on Safari having been used. Not surprisingly, the Safari internet history had been deleted on the iPhone before it was seized by the FBI. However, the computer forensic examiner found the following words capitalized and spelled exactly as they were in the threatening emails in Gutierrez' iPhone dictionary:

BOOM

tremendous

YOUR

CLASS

GOOO

THANKS

FOR

FAILING

ME

Additionally, FBI analysis of Judy Gutierrez email writing style in numerous other emails shows that her writing style of frequently using all capital letters matches the writing style in the bomb threat emails.

No one in the residence, other than Judy Gutierrez, had any contact with Professor McManus or Instructional Aid Thomas, and a search of the digital devices of the other residents revealed no information suggesting their involvement in sending the bomb threat emails.

Defendant Judy Gutierrez was also the only one awake and up in the residence at the time the threatening emails were sent from her password protected iPhone to Professor McManus and Instructional Aid Thomas.

Subsequently, after further investigation by the FBI, Judy Gutierrez confessed to sending the bomb threat emails on January 22, 2014, to Professor McManus and Instructional Aid Thomas.  Ms. Gutierrez stated the reason she sent the threatening emails was because she was experiencing problems in her life with her education, the Army National Guard, her boyfriend, and with a miscarriage.  She stated that on the morning of January 22, 2014, she did not want to attend classes at Fresno City College due to these problems.  She further stated that she knew that a bomb threat would result in Fresno City College cancelling classes, so that she could stay home.